# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DAINA MANIKA MBALA,

        Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

        Respondents.

CASE NO. 5:26-cv-02606-SK

**ORDER DENYING HABEAS PETITION**

## I.
## BACKGROUND

Petitioner Daina Manika Mbala is a native and citizen of the Democratic Republic of Congo (DRC) detained at the Adelanto ICE Processing Center.  She entered the United States on an F-1 student visa in August 2012 and was placed in removal proceedings six years later.[1]  (ECF 1-2 at 1; Pet. ¶¶ 20, 22).  On December 29, 2020, an immigration judge ordered her removed to the DRC, denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.  (ECF 8-1).  So far as the record shows, petitioner reserved her

---

[1] The petition references, but includes no copy of, the notice to appear or any information revealing the basis for removability—e.g., a visa overstay—under the Immigration and Nationality Act (INA).  (Pet. ¶¶ 22–23).

right to appeal that removal order but never did so.  (*Id.* at 2).  Still, she remained in the United States for more than five years after the removal order.  (Pet. ¶¶ 23–26).  Although petitioner alleges generally that she "attended all immigration court hearings" and "complied with all DHS policies," she nowhere explains if she was released or granted bond while removal proceedings were ongoing.  (*Id.* ¶ 47).  Nor does she explain if she was under an order of supervision at any time after being ordered removed.  Petitioner has no reported criminal history.  (*Id.* ¶ 2).

Meanwhile, in October 2022, petitioner married a United States citizen, who filed an I-130 petition on her behalf the following May.  (ECF 1-1).  That petition remains pending.  (Pet. ¶ 25).  On April 26, 2026, however, ICE arrested petitioner at Los Angeles International Airport.  (*Id.* ¶ 26).  She has been detained at the Adelanto detention facility since.  Two weeks after her arrest, on May 12, 2026, petitioner moved to reopen her removal proceedings so that she can now challenge her removal order.  (*Id.* ¶ 24).  And two days after that, she filed here a habeas petition under 28 U.S.C. § 2241, seeking release or else a bond hearing in the meantime.  (*Id.* at 17–18).

The § 2241 petition alleges that petitioner's detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment.  (*Id.* ¶¶ 31–54).  Nowhere, though, does the petition explain if she has sought or received any custody review, as the applicable agency regulations permit even for a detainee with a final removal order.  *See, e.g.,*

8 C.F.R. §§ 241.4 and 241.13.  Nor does the petition anywhere mention or address 8 U.S.C. § 1231—the INA statute that governs detention for noncitizens subject to a final removal order.

By contrast, in their answer (admittedly filed two days late), respondents seize on § 1231 and argue that the statute authorizes petitioner's post-removal-order detention.  And they maintain that the length of her detention so far—around 45 days since arrest—is mandatory under § 1231(a) for at least 90 days or else substantively reasonable under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), because she has been detained less than six months.  (ECF 8 at 3–5).[2]

In her traverse, petitioner cites no other INA detention statute applicable to her circumstances.  Instead, she tries to circumvent § 1231 in two directions at once.  On the one hand, she claims that she is not subject to detention under § 1231 at all, because—having moved to reopen removal proceedings two weeks after she was arrested—she believes that she "does not have a final order of removal" anymore.  (ECF 9 at 19).  On the other hand, she appears to acknowledge that she is legitimately detained under § 1231, but then pivots to arguing that her removal is "not reasonably foreseeable due to Ebola outbreak in the Democratic Republic of Congo," citing a couple news articles reporting those current events.  (*Id.* at 9).

---

[2] Respondents also argue that several provisions of 8 U.S.C. § 1252 strip this court's jurisdiction over various aspects of the petition.  (ECF 8 at 5–8).

## II.

## DISCUSSION

In federal habeas proceedings, the petitioner bears the burden of proving that she is held in custody contrary to federal law. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). And federal courts decide cases based on the arguments and evidence the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *see also Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat."). On the available record and the parties' arguments here, petitioner has not carried her burden to prove that the government lacked authority to detain her for removal to the DRC or that she has been detained for a prolonged or indefinite period in violation of federal due process.

"Once a [noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022); *see Johnson v. Guzman Chavez*, 594 U.S. 523, 527-29 (2021). For petitioner, her December 2020 removal order became administratively final in January 2021 if (as appears to be the case) she never timely appealed that order to the Board of Immigration Appeals (BIA). *See Ocampo v. Holder*, 629 F.3d 923, 926-27 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)). After a removal order has become administratively final, the first 90 days of detention are mandatory. *See* 8 U.S.C. § 1231(a)(1)-(2). The "purpose of the 90-day period is to afford the government a reasonable amount of time

within which to make the travel, consular, and various other administrative arrangements that are necessary to secure removal." *Diouf v. Mukasey*, 542 F.3d 1222, 1231 (9th Cir. 2008) (citing *Khotesouvan v. Morones,* 386 F.3d 1298, 1300 (9th Cir. 2004)).

The 90-day removal period can be suspended, however, while a noncitizen "fails or refuses to make timely application in good faith for travel documents or other documents necessary" for removal, or "acts to prevent" removal.  8 U.S.C. § 1231(a)(1)(C).  Otherwise, if the noncitizen "does not leave or is not removed within the removal period," she may be placed on supervised release, *id.* § 1231(a)(3)—unless detention is extended "beyond the removal period" for covered reasons or enumerated grounds, *id.* § 1231(a)(6).  Still, under *Zadvydas*, 533 U.S. at 701, only the first combined six months of post-removal-order detention are effectively immune from due process challenge.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008); *Diouf*, 542 F.3d at 1231–32.  After six months of continuous detention, an immigration detainee subject to removal can seek supervised release, on constitutional grounds, by showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Against that statutory and constitutional backdrop, petitioner tries to escape the reach of § 1231 with two competing arguments.  On the one hand, she contends that she "does not have a final order of removal" anymore because of her motion to reopen—filed just two weeks after her

arrest—which is still pending.  (ECF 9 at 19).  But a pending—and thus undecided—motion to reopen does not vacate a final removal order; it operates only as "collateral review" of that order.  *Diouf v. Napolitano*, 634 F.3d 1081, 1086 (9th Cir. 2011) *abrogated on other grounds by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022); *see Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901, 911-12 (E.D. Cal. 2025).  Until the BIA grants her motion to reopen, the December 2020 removal order remains operative and final, subjecting her to detention under § 1231.  *See Bonilla v. Lynch*, 840 F.3d 575, 589 (9th Cir. 2016) (vacatur of otherwise final removal order occurs only "if the BIA grants a motion to reopen, or a reviewing court holds that the BIA should have granted a motion to reopen"); *accord Escobar v. Lynch*, 2017 WL 2369374, at *4 (D. Haw. May 31, 2017) ("Petitioner's collateral challenge to try to reopen the removal proceedings does not mean that his removal order is not final.").

On the other hand, petitioner seemingly recognizes that she is detained under § 1231—arguing, though, that her removal to the DRC is not reasonably likely in the foreseeable future because of an Ebola outbreak.  (ECF 9 at 9).  But even if that fact were credited based on the news articles attached to her traverse (ECF 9-1, 9-2), it garners no legal relevance here until petitioner has been detained for longer than six months.  *See Prieto-Romero*, 534 F.3d at 1062.  To be sure, the parties have not explained exactly when petitioner's removal period began, given that her removal order (apparently) became final in January 2021, but she

was not arrested until April 2026.  And because there is no record evidence accounting for petitioner's status in those intervening years—including whether she was under an order of supervision, had absconded from it, or was detained for some or all that time—it is unknown if the removal period was ever suspended (and, if so, for how long).

Still, according to the evidence and arguments given by the parties (which are all the court can consider), petitioner is by all accounts subject to detention under § 1231 one way or another.  And it is petitioner's ultimate burden to prove that she is in custody in violation of federal law. So with those stipulations and understandings, no matter which particular subsection of § 1231—providing for mandatory or permissive detention—is found to apply, a mere 45 days of post-removal-order detention so far cannot violate either the INA or the Constitution in any event.  *See Zadvydas*, 533 U.S. at 701.

Petitioner has no convincing rebuttal.  Her only two serious counterarguments—that she is not under a final removal order or is not removable anytime soon even if she were—are both factually inconsistent and legally insufficient.[3]  So if petitioner has some other basis to prove that her present detention is unauthorized or unconstitutional, she has not

---

[3] Petitioner has a third argument—that respondents' late-filed answer should be "construed as conceding" her claimed due process violation (ECF 9 at 5)—but the court declines to rely on this procedural peccadillo as the basis to grant the habeas petition. That is not to imply that a tardy filing—even one made two days late—is excusable.  But even an inexcusable filing error is not the same thing as a substantive concession on the merits of a claim.

presented it—and "points not argued will not be considered." *Margolin v. Nat. Ass'n of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (per curiam).  At the same time, if petitioner's endgame is really a stay of removal pending a decision on her motion to reopen (Pet. at 17 ¶ 3; ECF 9 at 8), this court lacks jurisdiction to provide that relief insofar as the INA bars judicial review of the agency's decision to "execute removal orders." 8 U.S.C. § 1252(g).[4]

## III.
## CONCLUSION

For all these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED without prejudice.[5]  Judgment will be entered accordingly.

IT IS SO ORDERED.

DATED: June 9, 2026

_____
STEVE KIM
United States Magistrate Judge

---

[4] And district courts may not stay removal while a motion to reopen is pending anyway. *See Rauda v. Jennings*, 55 F.4th 773, 777-79 (9th Cir. 2022).  Neither *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018) (per curiam), nor *Ibarra-Perez v. United States*, 154 F.4th 989 (9th Cir. 2025), suggests the contrary.  Those cases involved removals executed in violation of a court order or without required process—not the execution of a facially valid removal order while a newly filed motion to reopen was pending.

[5] Nothing in this order affects—one way or the other—petitioner's motion to reopen removal proceedings.  Nor does anything in it prevent petitioner from seeking a post-removal-order custody review under applicable agency regulations, including 8 C.F.R. §§ 241.4 and 241.13.